UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH VAN VELZOR, ) | |
|          Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 3:12-cv-2508 |
| ) | |
| CITY OF BURLESON, ) | |
|          Defendant. ) | |

**COMPLAINT**

Plaintiff Joseph Van Velzor respectfully shows the Court as follows:

STATEMENT OF CLAIMS

Mr. Van Velzor, a person with a physical disability that substantially limits his mobility, brings this action against Defendant City of Burleson because it failed and refused to reasonably accommodate him by refusing to enforce accessible parking ordinances and failing to train its police officers in federal and state laws regarding disability access. Mr. Van Velzor claims that this refusal and this failure discriminates against him and those like him, and violates Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), Title II of the Americans with Disabilities Act (ADA), and Chapter 121 of the Texas Human Resources Code (Chapter 121). Mr. Van Velzor seeks declaratory and injunctive relief, statutory damages, attorneys' fees, and costs against Defendant.

PARTIES

1. Mr. Van Velzor is a resident of Burleson. He has a degenerative bone and joint disorder that substantially limits his mobility. Although he does not require a wheelchair, his ability to walk is substantially limited. He is a qualified "person with a disability," as defined by the ADA, an "otherwise qualified person with a disability," within the meaning of the Rehabilitation Act, and a "person with a disability," as defined by Chapter 121.

2. Defendant City of Burleson, including its Police Department, is a "public entity"

within the meaning of Title II of the ADA. Defendant can be served with process through Amanda McCrory, City Secretary, at 141 W. Renfro Street, Burleson, Texas 76028-4296. Tex.Civ.Prac. & Rem. Code §17.024(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 2201. Mr. Van Velzor also invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, to consider his state law claims.

4. Defendant's actions, inactions, and refusals to comply with the ADA, the Rehabilitation Act, and Chapter 121, of which Mr. Van Velzor complains, arose in Johnson County. Accordingly, venue is proper in this court pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. Mr. Van Velzor, 59, was diagnosed with a degenerative bone and joint disorder when he was approximately 35. His mobility is substantially impaired.

6. Mr. Van Velzor is eligible for and has been issued accessible parking placards for his motor vehicle by the Texas Department of Motor Vehicles.

7. Mr. Van Velzor's ability to access the programs, goods, and services of the City of Burleson and places of public accommodation depends on accessible parking. A lack of accessible parking makes it difficult, if not impossible, for him to access the goods, services, and programs provided by both public and private entities.

8. Around the beginning of March, 2012, Mr. Van Velzor visited the Wal-Mart Supercenter store at 951 Southwest Wilshire Boulevard in Burleson, intending to shop there. When he arrived, he found all the designated accessible parking spaces occupied by unauthorized vehicles without accessible parking placards or license plates.

9. Upon finding all the accessible spaces occupied by unauthorized vehicles, Mr. Van

Velzor called the Burleson Police. He reported the situation, explained that he is an individual with a disability, and requested that the police remove the unauthorized vehicles, issue citations, or take other appropriate action.

10. The Police Department's dispatch officer asked for the location of the store and informed Mr. Van Velzor that officers would respond.

11. The police, however, did not come to the store. Mr. Van Velzor waited nearly an hour for them to arrive, but eventually gave up.

12. On or about March 23, 2012, Mr. Van Velzor again encountered unauthorized vehicles obstructing accessible parking spaces at a gas station, Burleson Stop, located at 700 Southwest Wilshire Boulevard in Burleson.

13. After speaking with the clerks inside and failing to resolve the situation, Mr. Van Velzor called the Burleson Police. As before, he reported the situation, explained that he is an individual with a disability, and requested that the police remove the unauthorized vehicles, issue citations, or take other appropriate action.

14. The police official told Mr. Van Velzor that no laws had been violated and that the police would not make a service call to record the incident.

15. That same day, Mr. Van Velzor visited the Burleson police station to discuss the enforcement of accessible parking spaces and file an incident report regarding the unauthorized vehicles obstructing the spaces at the Burleson Stop gas station.

16. Mr. Van Velzor spoke with Officer Davis, who told Mr. Van Velzor that the police could not enforce accessible parking spaces. He said that it was not against the law for an unauthorized vehicle to park in a space designated for accessible parking.

17. The officer clearly ignored Chapter 681 of the Texas Transportation Code, which makes it an offense to park a vehicle lacking disabled parking placards or license plates in a

parking space designated specifically for individuals with disabilities. Tex.Transp. Code §681.011(b).

18. The officer also ignored the police department's ADA obligations.

19. At Mr. Van Velzor's insistence, incident report 2012016424 was filed.

20. From the police station, Mr. Van Velzor went to the Burleson City Hall to discuss the enforcement of accessible parking spaces and the City's ADA obligations. He was told the appropriate official was not available to see him, but would call him to discuss the matter.

21. After approximately one week, Mr. Van Velzor was referred to the Deputy City Manager, Paul Cain, to discuss the matter. Mr. Cain contacted Mr. Van Velzor about ten days later, over two weeks after his conversation with Officer Davis.

22. The Deputy City Manager told Mr. Van Velzor that the Burleson police do not know how to handle situations involving enforcement of accessible parking. He further said that they do not how to implement ADA provisions and that the police do not receive training on enforcing ADA and state disability rights.

23. The City of Burleson clearly has a policy of refusing to enforce ordinances/statutes designed to ensure that accessible parking spaces are available to those who need them and can lawfully park in them.  The City of Burleson's policy is one of discriminatory enforcement of misdemeanor violations, and discriminates against those whom the criminal statute is intended to protect, namely people with disabilities like Mr. Van Velzor.

CAUSES OF ACTION

1. Violations of the ADA and Rehabilitation Act

24. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

4

entity." 42 U.S.C. §12132.

25. The Rehabilitation Act provides that "no otherwise qualified individual with a disability [...] shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a).

26. The Rehabilitation Act also requires that recipients of federal monies accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services and programs to accomplish this purpose. *See* 29 U.S.C. §794(d) (explaining that a violation of the Rehabilitation Act will be determined by the standards in the Americans with Disabilities Act of 1990).

27. The City of Burleson is a "local government" and, as such, is a "public entity" under the ADA. *Id*. §12131(1)(A). The Police Department is a "department [...] of local government" and, as such, is a "public entity" under the ADA. *Id*. §12131(1)(B). The Police Department, as a department of the City, is a recipient of federal monies.

28. Chapter 681 of the Texas Transportation Code (Chapter 681) provides that it is an offense to park a vehicle lacking disabled parking placards or license plates in a parking space designated specifically for individuals with disabilities. Tex.Transp. Code §681.011(b). Accessible parking spaces covered by Chapter 681 include those designated by private property owners. *Id*.

29. The City of Burleson, including its Police Department, has a legal responsibility to uphold and enforce Chapter 681. *Id*. §681.010(a).

30. Defendant denied Mr. Van Velzor the benefits of its services, programs, and activities by refusing to enforce Chapter 681, even when so requested, in violation of Title II and the Rehabilitation Act.

5

31. Defendant denied Mr. Van Velzor the benefits of its services, programs, and activities by failing to train its police officers in enforcement of laws regarding disability access, such as the ADA and Chapter 681.

32. By refusing to enforce Chapter 681 and denying him the benefit of the Police Department's services, Defendant treated Mr. Van Velzor differently from other residents of Burleson, in violation of Title II and the Rehabilitation Act.

### 2. Violations of Chapter 121

33. Chapter 121 states that persons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility. Tex.Hum.Resources Code §121.003(a). The law prohibits entities such as Defendant City of Burleson from failing to "make reasonable accommodations in policies, practices, and procedures." *Id*. §121.003(d)(2).

34. For the reasons described above, Defendant City did not reasonably accommodate Mr. Van Velzor by refusing to develop and follow a procedure or policy for enforcing accessible parking ordinances and training police officers in the enforcement of such laws.

### RELIEF REQUESTED

#### Declaratory Relief

35. Mr. Van Velzor is entitled to declaratory judgment concerning Defendant's respective violations of the ADA, the Rehabilitation Act, and Chapter 121, and specifying his rights under these laws.

#### Injunctive Relief

36. Injunctive relief is necessary because Mr. Van Velzor and similarly situated individuals with disabilities will continue to experience deliberate and intentional unlawful discrimination as a result of Defendant City of Burleson's failure and refusal to comply with the Rehabilitation Act, the ADA, and Chapter 121. Mr. Van Velzor is entitled to injunctive relief

pursuant to 42 U.S.C. §12133.

## Damages

37. Mr. Van Velzor is entitled to compensatory damages in the amount of no less than $100 for each statutory violation pursuant to Chapter 121.004(b). There is no statutory limit to these damages.

## Attorneys' Fees and Costs

38. To enforce his rights under the ADA, Mr. Van Velzor had to retain counsel and, thus, is entitled to recover his attorneys' fees, costs, and litigation expenses, pursuant to 42 U.S.C. §12205.

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that the Court:

A. Issue a permanent injunction requiring Defendant City of Burleson, its agents, servants, and employees, and all persons acting in concert with it, in the following manner:

   (1) to enforce Chapter 681 and all other ordinances related to maintaining accessible parking;

   (2) to make all modifications to the police department, its policies, procedures, and services within thirty (30) days that correct the problems complained of herein and that are necessary to ensure enforcement of accessible parking ordinances and other laws relating to disability access;

   (3) to not discriminate against persons who have disabilities, and to comply fully with the Rehabilitation Act, the ADA, and Chapter 121;

B. Enter a declaratory judgment that Defendant City of Burleson's practices, policies, and procedures in the past have denied, and continue to deny, Mr. Van Velzor and like persons the benefits of its services because of their disabilities, in violation of the Rehabilitation Act, the ADA, and Chapter 121;

C. Award Mr. Van Velzor statutory damages in the amount of at least $100 per violation of Chapter 121 by Defendant;

D. Find that Mr. Van Velzor is the prevailing party in this action and order Defendant liable for his attorneys' fees, costs, and litigation expenses under the ADA and the Rehabilitation Act; and

      E.  Grant such other additional relief to which Plaintiff may be entitled.

Dated: July 25, 2012

                                      Respectfully submitted,

                                      _/s/ Joseph P. Berra_
                                      Joseph P. Berra
                                      Texas Bar No. 24027144
                                      Wayne Krause
                                      Texas Bar No. 24032644
                                      James C. Harrington
                                      Texas Bar No. 09048500

                                      TEXAS CIVIL RIGHTS PROJECT
                                      1405 Montopolis Dr,
                                      Austin, Texas 78741
                                        512-474-5073 [phone]
                                        512-474-0726 [fax]

                                      ATTORNEYS FOR PLAINTIFF